IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John L. Penza, #241842            ) | Civil Action No.  2:07-0518-JFA-RSC |
|                                             ) | |
|                      Petitioner,    ) | |
|           vs.                            ) | **ORDER** |
|                                             ) | |
| Warden, Lee Correctional Institution,   ) | |
|                                             ) | |
|                      Respondent.   ) | |
| _____ ) | |

Petitioner John L. Penza, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 by way of a petition filed February 22, 2007. The petitioner is incarcerated at McCormick Correctional Institution of the South Carolina Department of Corrections. He was tried before a jury in state court, found guilty of murder, and sentenced to two consecutive life terms.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he recommends that habeas relief should be denied and the respondent's motion for summary judgment[2] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did respond to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation. However, he did not file objections[3] within the time limits proscribed by the local rules of this district.

The petitioner raises the following grounds in his petition for federal habeas relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) due process violation as a result of the ineffective assistance of counsel; (4) denial of a severance motion; and (5) introduction of an uncharged crime.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment is granted and the habeas petition is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 20, 2008                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                                 United States District Judge

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2